United States v. Marandola

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                    <u>Chief Judge</u>,
         ROSEMARY S. POOLER,
         DENNY CHIN,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         <u>Appellee</u>,

         -v.-                                    11-3809

CHRISTOPHER MARANDOLA,
         <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | JEREMY D. SCHWARTZ, Law Office of Thomas J. Eoannou, Esq., Buffalo, New York. |
| **FOR APPELLEE:** | MICHAEL DIGIACOMO, Assistant United States Attorney, <u>for</u> Williams J. Hochul, United |

1

States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Christopher Marandola appeals from the judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>) convicting him of violating 18 U.S.C. § 2252A(a)(5)(B).  He appeals based on the district court's denial of his motion to suppress evidence seized during a search of his property in February 2008.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On appeal from a suppression ruling, we review the district court's factual findings for clear error and its conclusions of law <u>de novo</u>.  <u>United States v. Rodriguez</u>, 356 F.3d 254, 257 (2d Cir. 2004); <u>United States v. Awadallah</u>, 349 F.3d 42, 71 (2d Cir. 2003).

Marandola challenges his wife's authority to grant third-party consent to search an Apple computer located within the couple's home.  Lisa Marandola contacted the police and provided such consent after discovering child pornography on the computer on February 25, 2008.  Marandola points out that he was the primary user of the computer; his wife could not recall using it in the eight months prior.  Marandola also emphasizes that he installed password protection on the computer, which, he claims, evinces his intent to exclude others from using it.  Nevertheless, following a hearing, Magistrate Judge Kenneth Schroeder recommended denying the motion on the grounds that Lisa Marandola had both actual and apparent authority to consent to the search.  Judge Arcara adopted this recommendation.

We agree.  A third party has actual authority to provide consent to search if "first, the third party had access to the area searched, and second, either: (a) common authority over the area; or (b) a substantial interest in the area; or (c) permission to gain access."  <u>United States v. Davis</u>, 967 F.2d 84, 87 (2d Cir. 1992).  Marandola argues

that the relevant "area" is the Apple computer, rather than the family living room in which the computer sat. While Lisa Marandola admitted to using the Apple computer sparingly, she still had access to it, as did her daughter. The computer was located in a common area and was purchased using joint funds. Mrs. Marandola paid for internet out of her own personal account. Moreover, Mrs. Marandola testified that her husband never told her that she was prohibited from using the computer, and that password protection was not enabled on the day in question. These facts provide compelling evidence that Lisa Marandola had common authority over the area, a substantial interest in the area, and even tacit permission to gain access to the area.

In any event, it was certainly reasonable for the detectives to believe that she possessed such authority. See Georgia v. Randolph, 547 U.S. 103, 109 (2006) ("[T]he exception for consent extends even to entries and searches with the permission of a co-occupant whom the police reasonably, but erroneously, believe to possess shared authority as an occupant[.]").

For the foregoing reasons, and finding no merit in Marandola's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK